UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Mayes, Jr., <br><br> *Petitioner*, <br><br> – against – <br><br> United States, <br><br> *Respondent*. | **12-CR-0385** <br> **17-CV-6789** <br><br> **Not for Publication** <br><br> **Opinion & Order** |

ROSS, United States District Judge:

      Anthony Mayes moves for reconsideration of the denial of his motion for relief under 28 U.S.C. § 2255. The motion is denied as it is an unauthorized successive petition. If Mr. Mayes wants further consideration of his claims, he must make an application to the Second Circuit Court of Appeals.

      Mr. Mayes brings this motion under Federal Rule of Civil Procedure 60(b)(6). Under Rule 60(b)6), a motion for reconsideration may be granted for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "such relief should be granted only in extraordinary circumstances." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2244(b)(1)–(3), limits the applicability of Rule 60(b) to habeas petitions through its restrictions on second or successive petitions, *see Gonzalez v. Crosby*, 545 U.S. 524, 529–36 (2005) (explaining the application of Rule 60(b) to § 2254 petitions); *Schwamborn v. United States*, 507 F. Supp. 2d 229, 239–40, 240 n.19 (E.D.N.Y. 2007) (applying *Gonzalez* to § 2255 petitions). A Rule 60(b) motion for relief from judgment attacking a habeas judgment on the merits is properly classified as a second or successive petition and review of such a petition must be authorized by the appellate court. *Gonzalez*, 545 U.S. at 530–31. A Rule 60(b)

motion that identifies a "defect in the integrity of the federal habeas proceedings" is not considered a second or successive petition and need not be authorized. *Id.* at 532.

Petitioner frames his motion as a challenge to "fundamental Constitutional defects occurring within the process below," Pet'r's Fourth Mot. for Recons., 1, ECF No. 347, but it is more properly categorized as an argument on the merits. Mr. Mayes argues that he received ineffective assistance of counsel due to the admission into evidence of wiretap evidence. *See id.* 2–3. I previously ruled that the trial attorney's failure to persuade the court to exclude this evidence did not constitute ineffective assistance of counsel. *See* Op. & Order at 4–5, May 19, 2017, ECF No. 302. Mr. Mayes's disagreement with that conclusion does not mean that there was something fundamentally unfair about the prior § 2255 proceeding or that this proceeding otherwise lacked integrity. *Cf. Claudio v. Portuondo*, No. 01 CV 5180(RJD), 2014 WL 1347185, at *4 (E.D.N.Y. Mar. 31, 2014) (finding that petitioner's claim that prior § 2254 proceeding was unfair because respondent did not provide the complete trial record could be brought as a Rule 60(b) motion); *Graves v. Smith*, 811 F. Supp. 2d 601, 607 (E.D.N.Y. 2011) (holding that a Rule 60(b) motion was not a successive habeas petition in disguise because "[r]ather than questioning the merits of this court's original decision, petitioner argues that the court's procedures—i.e., its failure to conduct a full evidentiary hearing—did not adequately protect his right to due process."), *aff'd sub nom. Graves v. Phillips*, 531 F. App'x 27 (2d Cir. 2013) (summary order).

Because this motion is an argument on the merits disagreeing with my prior decision, rather than a challenge to the integrity of the proceedings, it is a successive petition and can only be entertained by this Court if the Second Circuit first certifies that it contains "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h). No such certification is present here. Accordingly, this Court cannot reach the merits of petitioner's Rule 60(b) motion, and the motion is denied.

So ordered.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:     January 8, 2020
           Brooklyn, New York