UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY MAYES, JR.,<br>　　　　　Petitioner,<br><br>— against —<br><br>UNITED STATES OF AMERICA,<br>　　　　　Respondent. | **No. 12-CR-385 (ARR)**<br><br>**Not for print or electronic publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

　　Anthony Mayes, Jr., moves a second time for reconsideration of this court's denial of his motion for relief under 28 U.S.C. § 2255. On January 8, 2020, I denied Mayes's previous motion for reconsideration on the grounds that it was an unauthorized successive petition and directed him to make an application to the Second Circuit Court of Appeals for a certificate of appealability. Order Denying Mot. to Vacate Prior Order Denying Habeas Corpus Pet. 1, ECF No. 349. Mayes brought such an application to the Second Circuit, and the Second Circuit denied his motion and dismissed his appeal on September 1, 2020. Mandate of USCA, ECF No. 360.

　　Mayes brings the present motion under Federal Rule of Civil Procedure 60(b)(4), which allows the court to "relieve a party . . . from a final judgment, order, or proceeding" if the judgment is "void." Fed. R. Civ. P. 60(b)(4). However, the applicability of Rule 60(b) to habeas petitions is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 22 U.S.C. §§ 2244(b)(1)–(3), which restricts second or successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 529–36 (2005) (explaining the application of Rule 60(b) to § 2254 petitions); *Schwamborn v. United States*, 507 F. Supp. 2d 229, 239–40 & n.19 (E.D.N.Y. 2007) (applying

*Gonzalez* to § 2255 petitions). A Rule 60(b) motion for relief from judgment attacking a habeas judgment on the merits is properly classified as a second or successive petition and review of such a petition must be authorized by the appellate court. *Gonzalez*, 545 U.S. at 530–31. A Rule 60(b) motion that raises a "defect in the integrity of the federal habeas proceedings," however, is not considered a successive petition and need not be authorized. *Id*. at 532.

In the present case, the Second Circuit has declined to authorize a second or successive petition, so I am only permitted to review Mayes's motion insofar as it attacks the integrity of the habeas proceedings. Mayes argues that my denial of his habeas petition is void because of "a breach of the integrity, a deliberate indifference, miscarriage of justice, extreme hardship caused to this petitioner, multiple forms of disparity including, but not limited to, judicial as well as racial[], and most importantly, a violation of a constitutional guar[a]ntee to due process of law that further violated [18 U.S.C.] §§ 2517(5) and 2518(4)(c)." Pet'r's Mot. to Vacate Order Denying Habeas Corpus Pet. 8 ("Pet'r's Mot."), ECF No. 363.

Mayes's claims about the integrity of the proceedings, construed liberally, lack support. Mayes has not provided any evidence or examples of racial disparity or bias in the habeas proceedings. As to his other claims regarding the fairness of the proceedings, he argues that I exhibited indifference and violated his due process rights by failing to "explain" my prior statement that the law "clearly allowed the admission" of certain wiretap evidence. Pet'r's Mot. 5–6. As I previously explained in my May 19 Order, I have already addressed Mayes's concern about the admissibility of this evidence on the record. Order Denying Mot. Vacate Prior Order Denying Mot. Vacate Sentence 5 (May 19, 2017), ECF No. 302 (citing Tr. Jury Selection (Apr. 28, 2014), at 271:5–7, ECF No. 220; Tr. Status Conf. (Jan. 6, 2014), at 7:1–23, ECF No. 162

(explaining why this evidence was admissible)). I am not permitted to revisit the merits of this decision without authorization from the Second Circuit.

For the foregoing reasons, the motion is denied in its entirety.

SO ORDERED.

Dated: October 8, 2020
      Brooklyn, NY

                                                          /s/
                                              Allyne R. Ross
                                              United States District Judge