UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY MAYES, JR.,

        *Petitioner*,

      — against —

UNITED STATES OF AMERICA,

        *Respondent*.

**12-CR-385(1) (ARR)**
**21-CV-2014 (ARR)**


**Opinion & Order**

---

ROSS, United States District Judge:

Petitioner, Anthony Mayes, Jr., moves *pro se* under 28 U.S.C. § 2255 to vacate, set aside, or correct his firearms and murder convictions in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). He also moves under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), for resentencing of his two drug trafficking convictions. The government opposes. For the reasons set forth below, petitioner's motion is denied.

## BACKGROUND[1]

On May 13, 2014, petitioner was convicted by a jury of the following six criminal counts contained in the fourth superseding indictment:

Count One:    Racketeering, 18 U.S.C. §§ 1961(1), (5), 1962(c);

Count Two:    Unlawful Use and Possession of Firearms, 18 U.S.C. § 924(c);

---

[1] I assume familiarity with the facts of this case, described in detail in my prior opinions and orders. *See United States v. Mayes*, No. 12-CR-385 (ARR), 2014 WL 3530862, at *1 (E.D.N.Y. July 10, 2014) (denying motions under Federal Rules of Criminal Procedure 29 and 33), *aff'd*, 650 F. App'x 787 (2d Cir. 2016) (summary order); *see also Mayes v. United States*, No. 12-CR-385 (ARR), 2018 WL 4558419 (E.D.N.Y. Sept. 21, 2018) (denying co-defendant's first motion to vacate under 28 U.S.C. § 2255).

<u>Count Three</u>:   Murder in Aid of Racketeering, 18 U.S.C. § 1959(b);

<u>Count Four</u>:   Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. § 1959(a);

<u>Count Eleven</u>:   Attempted Possession of Cocaine with Intent to Distribute, 21 U.S.C. §§ 841(b), 846; and

<u>Count Thirteen</u>: Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. § 841(a)–(b).

Fourth Superseding Indictment ("Indictment"), ECF No. 115; Verdict Sheet, ECF No. 194; Crim. J., ECF No. 250.

As relevant here, petitioner's § 924(c) firearms conviction (Count Two) was predicated on his racketeering conviction (Count One). Indictment 14; Verdict Sheet 5–6. At trial, I instructed the jury to "consider the firearms charge in Count Two against [petitioner] only if [it] first f[oun]d beyond a reasonable doubt that [petitioner] . . . [wa]s guilty of racketeering as charged in Count One." Trial Tr. 67:18–24 (May 13, 2014), ECF No. 285 ("Jury Charge"). I further instructed the jury that "[t]he first element that the government must prove" with respect to Count Two was that petitioner "committed a crime of violence or drug trafficking crime," and that if the jury found petitioner "guilty of the racketeering offense charged in Count One, this offense satisfies the definition of a crime of violence or drug trafficking crime, because every racketeering act alleged in Count One falls into one of those two categories." *Id.* at 67:6–14.

With those instructions, among others, the jury convicted petitioner on both Counts One and Two, finding proved every single racketeering act in which petitioner was named in Count One:

<u>Act 1</u>:   Murder, N.Y. Penal Law § 125.25(1);

<u>Act 2A</u>:  Conspiracy to Murder, N.C. Gen. Stat. §§ 14-17(b), 14-2.4(a);

<u>Act 2B</u>:  Murder, N.C. Gen. Stat. §§ 14-17(b), 14-5.2;

Act 3A:   Conspiracy to Murder, N.C. Gen. Stat. §§ 14-17(b), 14-2.4(a);

Act 3B:   Murder, N.C. Gen. Stat. §§ 14-17(b), 14-5.2;

Act 4:    Possession of Cocaine Base and Cocaine with Intent to Distribute, 21 U.S.C. § 841(a)–(b);

Act 5A:   Conspiracy to Commit Arson, N.C. Gen. Stat. §§ 14-58, 14-2.4(a);

Act 5B:   Arson, N.C. Gen. Stat. §§ 14-58, 14-5.2;

Act 6:    Conspiracy to Murder, N.C. Gen. Stat. §§ 14-17(b), 14-2.4(a);

Act 8A:   Conspiracy to Commit Robbery, N.C. Gen. Stat. §§ 14-87.1, 14-2.4(a);

Act 8B:   Robbery, N.C. Gen. Stat. §§ 14-87.1, 14-5.2;

Act 9:    Possession of Cocaine with Intent to Distribute, 21 U.S.C. § 841(a)–(b);

Act 10:   Conspiracy to Murder, N.Y. Penal Law §§ 125.25(1), 105.15;

Act 14:   Attempted Possession of Cocaine with Intent to Distribute, 21 U.S.C. §§ 841(b), 846; and

Act 16:   Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. §§ 841(a)–(b).

Indictment 1–14; Verdict Sheet 1–4.[2]

On December 23, 2014, I sentenced petitioner to life imprisonment, consisting of a sentence of life imprisonment on Count One; a concurrent mandatory sentence of life imprisonment on Count Three; concurrent sentences of 10 years' imprisonment on Count Four, 40 years' imprisonment on Count Eleven, and 40 years' imprisonment on Count Thirteen; and a consecutive sentence of 30 years' imprisonment on Count Two. Crim. J. 3–4. On December 29,

---

[2] Prior to the case being submitted to the jury, I granted the government's motion to dismiss several of the charged racketeering acts. Order (May 13, 2014), ECF No. 192. Accordingly, to avoid jury confusion, I renumbered the counts and racketeering acts in the jury charge and verdict sheet. To avoid confusion here, I refer to the counts and racketeering acts using the numbers presented to the jury, not the numbers listed in the fourth superseding indictment or the judgment.

2014, petitioner appealed the judgment against him, Notice of Appeal, ECF No. 252, and on September 17, 2015, he submitted his opening brief to the Second Circuit, Br. & App., *United States v. Mayes*, No. 14-2766 (2d Cir. Sept. 17, 2015), ECF No. 217. On May 31, 2016, the circuit affirmed the judgment. *United States v. Mayes*, 650 F. App'x 787 (2d Cir. 2016) (summary order).

On April 7, 2017, petitioner filed a motion under 28 U.S.C. § 2255 raising various arguments unrelated to the instant motion. First Mot. Vacate, ECF No. 297. On May 18, 2017, I denied that motion, Op. & Order (May 19, 2017), ECF No. 302, and on December 14, 2017, the circuit dismissed petitioner's appeal of my denial, Mot. Order, *Mayes v. United States*, No. 17-2362 (2d Cir. Dec. 14, 2017), ECF No. 32.[3]

On June 7, 2019, petitioner sought leave from the Second Circuit to file a successive § 2255 motion similarly unrelated to the instant motion. First Mot. File Successive Pet., *Mayes v. United States*, No. 19-1696 (2d Cir. June 7, 2019), ECF Nos. 2, 11. On July 23, 2019, the circuit denied petitioner leave to file that motion. Mot. Order, *Mayes v. United States*, No. 19-1696 (2d Cir. July 23, 2019), ECF No. 34.

On May 14, 2020, petitioner again sought leave from the Second Circuit to file a successive § 2255 motion, based in principal part on *Davis*. Second Mot. File Successive Pet., *Mayes v. United States*, No. 20-1574 (2d Cir. May 14, 2020), ECF Nos. 2, 22. On March 23, 2021, after concluding that petitioner "made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h)," the circuit granted petitioner leave to file the instant motion and transferred the proceeding to this court. Mot. Order, *Mayes v. United States*, No. 20-1574 (2d Cir.

---

[3] Multiple motions for reconsideration and a subsequent appeal were also denied. *See* Op. & Order (Jan. 8, 2020), ECF No. 349 (denying first motion for reconsideration); Mot. Order, *Mayes v. United States*, No. 20-666 (2d Cir. July 8, 2020), ECF No. 30 (dismissing appeal); Op. & Order (Oct. 8, 2020), ECF No. 366 (denying second motion for reconsideration).

March 23, 2021), ECF No. 35. The circuit noted that I "will have the preliminary task of determining whether the claims in Petitioner's § 2255 motion . . . satisfy the threshold requirements governing successive § 2255 motions." *Id.* at 2–3. If they do, I "should determine the predicates supporting the § 924(c) conviction and whether those predicates remain valid." *Id.* at 2.

Accordingly, petitioner's authorized successive § 2255 motion was filed on this docket, Successive Mot. Vacate, ECF No. 386, and I ordered the government to file a response, Text Order (March 26, 2021). On April 26, 2021, the government filed its opposition, Gov't's Opp'n, ECF No. 388, and on May 13, 2021, petitioner filed a reply, Pet'r's Reply, ECF No. 389.

I interpret the instant motion as seeking relief on three distinct grounds. First, petitioner argues that his § 924(c) firearms conviction on Count Two should be vacated because it is predicated in part on offenses—multiple of the racketeering acts contained within Count One—that do not constitute crimes of violence after *Davis*. Successive Mot. Vacate 13–14. Second, he argues that his conviction for murder in aid of racketeering on Count Three is also unconstitutional after *Davis* because it is "tied to Count One," and that "the burden of proof changes dramatically for . . . Count Three" were I to vacate his § 924(c) conviction on Count Two. *Id.* Third, he argues that the First Step Act compels resentencing of his drug trafficking convictions on Counts Thirteen and Fifteen. *Id.* at 14. Petitioner ostensibly seeks vacatur of his firearms and murder convictions as well as resentencing.[4]

## DISCUSSION

## I.     Petitioner's Constitutional Challenge Under § 2255

"A prisoner in custody under sentence of a [federal] court" may "move the court which

---

[4] Petitioner has also sought appointment of counsel, Successive Mot. Vacate 14; I previously denied that request in a separate order, Text Order (Apr. 27, 2021).

imposed the sentence to vacate, set aside or correct the sentence" on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). My review of such a motion is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018). "In general," for example, "a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). Relatedly, a successive § 2255 motion may only be entertained where it satisfies certain "threshold requirements," including the requirement that it invoke "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018) (quoting 28 U.S.C. § 225(h)(2)). Nevertheless, I should liberally construe a *pro se* § 2255 motion, interpreting it "to raise the strongest arguments that [it] suggest[s]," *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (citation omitted), and I "shall vacate and set the judgment aside" if I find that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," 28 U.S.C. § 2255(b); *see, e.g.*, *Sebbern v. United States*, No. 10-CR-87 (AMD), 2021 WL 1210312, at *4 (E.D.N.Y. Mar. 31, 2021).

### A. Petitioner's Constitutional Challenge Is Procedurally Barred.

As a preliminary matter, I conclude that petitioner's *Davis*-based challenge is procedurally barred due to his failure to raise his vagueness arguments in his direct appeal. *See Thorn*, 659 F.3d at 231–32; *Mayes v. United States*, No. 12-CR-385 (ARR), 2019 WL 6307411, at *2 (E.D.N.Y. Nov. 25, 2019). "Failure to raise a claim on direct appeal forecloses review of that claim under § 2255, unless the movant can show either cause for that failure and actual prejudice therefrom, or actual innocence." *Frazier v. United States*, No. 17-CR-364(7) (CS), 2021 WL 111638, at *2

6

(S.D.N.Y. Jan. 12, 2021) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Thorn*, 659 F.3d at 231.

Petitioner has not attempted to demonstrate any exception that might excuse his procedural default. At most, the instant motion conceivably raises a cause issue based on an argument that petitioner's constitutional challenge is "so novel that it was not reasonably available" to him. *Frazier*, 2021 WL 111638, at *2. But this argument, even if properly advanced, would fail in any event. Petitioner's constitutional challenge relies at root on *Johnson v. United States*, 576 U.S. 591 (2015), which was decided several months before he filed his direct appeal in the Second Circuit. *See* Br. & App., *United States v. Mayes*, No. 14-2766 (2d Cir. Sept. 17, 2015). The reasoning of *Johnson* was therefore "reasonably available" to him at the time of his direct appeal, and *Johnson* cannot serve as cause to excuse petitioner's procedural default. *See, e.g.*, *Frazier*, 2021 WL 111638, at *2–3; *United States v. Key*, No. 12-CR-712(1) (SHS), 2019 WL 2314693, at *8 (S.D.N.Y. May 31, 2019).[5] The instant motion focuses on the more recent precedent of *Davis*, but petitioner had all of "the tools to construct" a constitutional vagueness challenge to § 924(c)(3)(B) before *Davis* was decided, so *Davis* also cannot provide cause. *Engle v. Isaac*, 456 U.S. 107, 131– 33 (1982); *see, e.g.*, *United States v. McCarron*, No. 15-CR-257 (ADS) (AYS), 2020 WL 2572197, at *5 (E.D.N.Y. May 20, 2020) ("Many courts in this Circuit have held that defendants' failure to challenge their conviction pursuant to *Johnson* on direct appeal precludes reliance on *Davis* in a collateral proceeding, because *Johnson* provided all of the tools to construct a constitutional

---

[5] For similar reasons, the instant motion fails to "satisfy the threshold requirements governing successive § 2255 motions." Mot. Order 2–3, *Mayes v. United States*, No. 20-1574. *Johnson* was "made retroactive to cases on collateral review by the Supreme Court" in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Massey*, 895 F.3d at 251 & n.8. Thus, petitioner's constitutional challenge is not based on "a new rule of constitutional law" that was "unavailable" to him when he filed his first collateral motion to vacate in 2017. *Massey*, 895 F.3d at 251; *see* First Mot. Vacate.

vagueness challenge to a conviction under the residual clause prior to *Davis*." (quotation marks omitted)). Further, the fact that "the claim would have failed under controlling Circuit precedent at the time does not excuse the failure to preserve it or otherwise constitute cause," *Frazier*, 2021 WL 111638, at *2, since "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" *Bousley*, 523 U.S. at 623 (quoting *Engle*, 456 U.S. at 130 n.35). Thus, because petitioner cannot demonstrate cause, he would be unable to demonstrate a cause and ensuing prejudice exception to excuse his procedural default.[6]

### B.   Petitioner's Constitutional Challenge Fails on the Merits.

Even overlooking petitioner's procedural default, his *Davis*-based challenge nevertheless fails on the merits. Petitioner's § 924(c) conviction on Count Two is based on a predicate offense that remains valid within this circuit, and petitioner's murder conviction on Count Three is a separate, substantive offense that is not "tied to" his convictions on Count One or Count Two in any pertinent sense. Thus, *Davis* and its progeny do not render these convictions unconstitutional or otherwise compel vacatur here.

Section 924(c) prohibits the possession or use of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). As originally enacted, the statute defines a "crime of violence" as "an offense that is a felony" and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The statute defines a "drug trafficking crime" as "any felony punishable under the

---

[6] "As there is no showing of cause, I need not address prejudice." *Frazier*, 2021 WL 111638, at *3 n.6. But because I conclude that petitioner's constitutional challenge also fails on the merits, *see infra* Discussion I.B, it is clear that petitioner would be unable to demonstrate prejudice here.

Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." *Id.* § 924(c)(2).

In *Davis*, the Supreme Court struck down as unconstitutionally vague § 924(c)(3)(B), commonly known as the "residual clause." 139 S. Ct. at 2323–24.[7] Thus, a conviction under § 924(c) can now only be sustained if the predicate offense qualifies as either a "drug trafficking crime" or a "crime of violence," as defined in § 924(c)(3)(A), commonly known as the "elements clause" or the "force clause." *See United States v. Heyward*, No. 19-1054, 2021 WL 2638609, at *4 (2d Cir. June 28, 2021); *United States v. Culbert*, 453 F. Supp. 3d 595, 597 (E.D.N.Y. 2020) ("Any valid application of § 924(c) . . . must proceed from an underlying conviction qualifying under the elements clause."). To determine whether a predicate offense qualifies as a crime of violence under the elements clause, I must employ what is called the categorical approach, under which I "identify the minimum criminal conduct necessary for conviction under a particular statute," "look[ing] only to the statutory definitions—*i.e.*, the elements—of the offense, and not to the particular underlying facts." *United States v. Thrower*, 914 F.3d 770, 774 (2d Cir. 2019) (citation and quotation marks omitted); *see also, e.g.*, *Heyward*, 2021 WL 2638609, at *4; *United States v. Barrett* ("*Barrett II*"), 937 F.3d 126, 128 (2d Cir. 2019). "A state criminal offense may serve as a predicate crime of violence only if it categorically requires proof of the elements listed in the elements clause." *Rudaj v. United States*, No. 04-CR-1110 (DLC), 2021 WL 1172333, at *5 (S.D.N.Y. Mar. 29, 2021).

As a further consequence of *Davis*, the Supreme Court vacated the Second Circuit's

---

[7] As mentioned above, *Davis* itself followed the Supreme Court's earlier decisions in *Johnson* and *Sessions v. Dimaya*, which had struck down similar residual clauses in other statutes. 576 U.S. 591 (striking down residual clause in 18 U.S.C. § 924(e)(2)(B)(ii)); 138 S. Ct. 1204 (2018) (striking down residual clause in 18 U.S.C. § 16(b)); *see supra* Discussion I.A.

judgment in *United States v. Barrett* ("*Barrett I*"), 903 F.3d 166 (2d Cir. 2018). *See Barrett v. United States*, 139 S. Ct. 2774, (2019). On remand, the Second Circuit decided *Barrett II*, which held that, after *Davis*, a conspiracy to commit a violent felony was not categorically a crime of violence and could no longer support a conviction under § 924(c)'s remaining elements clause. 937 F.3d at 127, 129; *see also Heyward*, 2021 WL 2638609, at \*4.

### i.      Count Two

Petitioner's § 924(c) conviction on Count Two is predicated on his racketeering conviction on Count One, within which the jury found proved all of the racketeering acts charged against him. Indictment 1–14; Verdict Sheet 1–4; Crim. J. 1. The Racketeer Influenced and Corrupt Organizations ("RICO") Act makes it unlawful for a person to participate in the affairs of a racketeering enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c); *see, e.g.*, *United States v. Gotti*, 451 F.3d 133, 136 (2d Cir. 2006). The statute defines "racketeering activity" to include numerous enumerated federal and state crimes, and a "pattern of racketeering activity" to require "at least two acts of racketeering activity." 18 U.S.C. § 1961(1), (5).

Where a petitioner challenges a § 924(c) conviction based on a substantive RICO offense that petitioner argues does not qualify as a crime of violence, the Second Circuit has held that, "[b]ecause racketeering offenses hinge on the predicate offenses comprising the pattern of racketeering activity," I must "look to the predicate [racketeering] offenses to determine whether a crime of violence is charged." *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009); *see, e.g.*, *Rudaj*, 2021 WL 1172333, at \*5–6 ("[T]o determine whether a RICO violation could qualify as a predicate, courts should look through the elements of § 1962(c) itself to the underlying racketeering acts and determine whether those predicate racketeering acts qualify as crimes of violence."); *Speed v. United States*, No. 16-CV-4500 (PKC), 2020 WL 7028814, at \*7–8

(S.D.N.Y. Nov. 30, 2020) (same). If this inquiry reveals that the government charged and the jury found proved that (1) petitioner committed "at least two acts of racketeering and (2) at least two of those acts qualify as 'crime[s] of violence' under § 924(c), a § 1962 conviction serves as a predicate for a conviction under § 924(c)." *Ivezaj*, 568 F.3d at 96. "The presence of underlying racketeering acts that are not crimes of violence does not alter this principle." *Speed*, 2020 WL 7028814, at *8.[8]

Neither *Davis* nor subsequent Second Circuit case law "provide[s] a basis to deviate from" *Ivezaj* in this case. *Rudaj*, 2021 WL 1172333, at *6. The Supreme Court "has not specifically addressed whether (or under what circumstances or by what theory) substantive RICO can be classified as a 'crime of violence,' as defined in the 'force clause' of § 924(c)," and *Ivezaj* continues to provide "clear-cut *Circuit* authority" instructing that "a substantive RICO offense is a violent crime" "at least where *two* violent predicate acts are found as part of the pattern" of racketeering. *Martinez*, 991 F.3d at 358–359 ("[I]n a substantive RICO case in which the jury was required to find, or the defendant to admit, a predicate act that by its nature and elements requires the use of force, the RICO offense would be, under the logic of *Ivezaj*, a violent crime."). Accordingly, since petitioner's substantive RICO conviction properly serves as a predicate crime of violence for his § 924(c) conviction so long as at least two underlying racketeering acts qualify

---

[8] In reaching its holding in *Ivezaj*, the Second Circuit appeared to apply a version of the "*modified categorical approach*," *United States v. Martinez*, 991 F.3d 347, 359 (2d Cir. 2021), which instructs that, "[i]f it is not clear from the face of the relevant statute whether a defendant *necessarily* was charged with or convicted of a qualifying violent felony or drug-trafficking offense," the court should "look to a limited class of documents from the record of conviction to determine what crime, with what elements, a defendant was convicted of," *Heyward*, 2021 WL 2638609, at *4 (citations and quotation marks omitted); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (noting that this "limited class of documents" may include, "for example, the indictment, jury instructions, or plea agreement and colloquy"). Thus, the court in *Ivezaj* looked beyond the RICO statute to the particular racketeering acts charged to determine whether the "charged RICO offense was a crime of violence." *Ivezaj*, 568 F.3d at 96; *see Martinez*, 991 F.3d at 359.

as crimes of violence, "the relevant question becomes whether any of the racketeering acts underlying [petitioner's racketeering conviction] qualify as crimes of violence." *Rudaj*, 2021 WL 1172333, at \*6.[9]

I conclude that multiple of the racketeering acts charged and proved against petitioner continue to qualify as crimes of violence under § 924(c)'s elements clause after *Davis* and *Barrett II*. Specifically, petitioner was charged with committing three racketeering acts of murder—one in violation of N.Y. Penal Law § 125.25(1) (Act 1), and two in violation of N.C. Gen. Stat. §§ 14-17(b), 14-5.2 (Acts 2B and 3B). Courts in both New York and North Carolina have recognized that "murder is a crime involving the use of [physical] force" and that it unquestionably qualifies as a crime of violence under the law of either state. *United States v. Sierra*, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order); *see, e.g.*, *Johnson v. United States*, No. 16-CV-5113 (PGG), 2021 WL 638289, at \*4 (S.D.N.Y. Feb. 17, 2021) ("[M]urder in aid of racketeering under N.Y. Penal Law § 125.25 and 18 U.S.C. § 1959(a)(1) . . . meets the definition of crime of violence under § 924(c)(3)(A) . . . .'" (citation and quotation marks omitted)); *Boykin v. United States*, No. 16-CV-4185 (CM), 2020 WL 774293, at \*8 (S.D.N.Y. Feb. 18, 2020) (same); *McDonald v. United States*, No. 14-CR-229 (MOC), 2021 WL 96465, at \*4 (W.D.N.C. Jan. 11, 2021) ("[T]he question before the Court is whether the murder in aid of racketeering, based on violation of North Carolina's murder statute, is a crime of violence under § 924(c)'s force clause. The Court easily concludes that it does." (footnote omitted)); *Ordonez-Vega v. United States*, No. 15-CR-121 (RJC), 2020 WL 7212582, at \*6 (W.D.N.C. Dec. 7, 2020) (same); *Hartley v. United States*, No. 14-CR-229 (MOC),

---

[9] In at least two recent decisions, the Second Circuit has raised, without resolving, the issue of "the extent to which *Ivezaj* retains any of its force" after *Davis* and *Barrett II*. *Heyward*, 2021 WL 2638609, at \*8; *see Martinez*, 991 F.3d at 356. "But neither the Second Circuit nor the Supreme Court has overturned or abrogated *Ivezaj*, and [I am] therefore bound to follow it." *Rudaj*, 2021 WL 1172333, at \*6 n.10.

2020 WL 3196734, at *6 (W.D.N.C. June 15, 2020) (same); *Umana v. United States*, 229 F.Supp.3d 388, 395 (W.D.N.C. 2017) (same). Thus, because the jury explicitly found proved at least three charged racketeering acts that clearly qualify as crimes of violence under § 924(c), Count One remains a valid predicate for petitioner's Count Two conviction. *See Ivezaj*, 568 F.3d at 96; *Speed*, 2020 WL 7028814, at *8–9.[10]

I do agree with petitioner that other charged and proved racketeering acts that may have previously been considered crimes of violence under § 924(c) no longer qualify as such after *Davis* and *Barrett II*. The Second Circuit has now held that "a conspiracy offense cannot categorically involve the use of force, since its key element is simply an *agreement* to commit a crime." *Martinez*, 991 F.3d at 354 ("[C]onspiracy offenses are not *categorically* violent crimes."). Accordingly, courts in this circuit have found that conspiracy to murder, in violation of N.Y. Penal Law §§ 125.25(1), 105.15 (Act 10), can no longer be considered a crime of violence. *See, e.g.*, *United States v. Rodriguez*, No. 94-CR-313 (CSH), 2020 WL 1878112, at *7 (S.D.N.Y. Apr. 15, 2020); *cf. United States v. Dhinsa*, No. 97-CR-672 (ERK), 2020 WL 7024377, at *2–3 (E.D.N.Y. Nov. 30, 2020); *Sessa v. United States*, No. 92-CR-351 (ARR), 2020 WL 3451657, at *5 (E.D.N.Y. June 24, 2020). For the same reason, it is clear that conspiracy to murder, in violation

---

[10] The charged and proved racketeering acts of arson, in violation of N.C. Gen. Stat. §§ 14-58, 14-5.2 (Act 5B), and robbery, in violation of N.C. Gen. Stat. §§ 14-87.1, 14-5.2 (Act 8B), may also very well be considered crimes of violence under § 924(c). *Cf. United States v. Hayes*, 574 F. App'x 259, 259–60 (4th Cir. 2014) (unpublished) (holding that arson, in violation of N.C. Gen. Stat. § 14-66, is "categorically a crime of violence" under the U.S. Sentencing Guidelines § 4B1.1(a)); *United States v. Dinkins*, 928 F.3d 349, 357 (4th Cir. 2019) (holding that North Carolina common law robbery "qualifies as a violent felony under the ACCA's force clause," 18 U.S.C. § 924(e)(2)(B)(i)); *United States v. Gattis*, 877 F.3d 150, 158 (4th Cir. 2017) (holding that the same offense "qualified as a . . . crime of violence" under the U.S. Sentencing Guidelines §§ 2K2.1(a)(4)(A), 4B1.2(a)). I need not definitively decide these questions, however, since the three charged and proved racketeering acts of murder are more than sufficient under *Ivezaj* for petitioner's substantive RICO conviction to serve as a predicate offense for his § 924(c) conviction. *See* 568 F.3d at 96.

13

of N.C. Gen. Stat. §§ 14-17(b), 14-2.4(a) (Acts 2A, 3A, and 6), conspiracy to commit arson, in violation of N.C. Gen. Stat. §§ 14-58, 14-2.4(a) (Act 5A), and conspiracy to commit robbery, in violation of N.C. Gen. Stat. §§ 14-87.1, 14-2.4(a) (Act 8A), can also no longer be considered crimes of violence. *See, e.g.*, *State v. Bindyke*, 288 N.C. 608, 615 (1975) (explaining that a conspiracy under North Carolina criminal law similarly requires only "an agreement between two or more persons to do an unlawful act").[11]

Consequently, my relevant instruction to the jury—that the substantive RICO offense charged on Count One "satisfies the definition of a crime of violence or drug trafficking crime, *because every racketeering act alleged in Count One falls into one of those two categories*," Jury Charge 67:6–14 (emphasis added)—was plainly erroneous in light of *Davis* and *Barrett II*. At a minimum, as discussed above, the six racketeering acts of conspiracy charged in Count One (Acts 2A, 3A, 5A, 6, 8A, and 10) no longer fall into either category of valid predicate offenses under § 924(c). *See United States v. Eldridge*, No. 18-3294, 2021 WL 2546175, at *1 (2d Cir. June 22, 2021) ("[W]e agree with Eldridge that conspiracy to commit Hobbs Act robbery—one of the three possible predicates for his § 924(c) conviction—is not a crime of violence under *Davis* and *Barrett.*

---

[11] The charged and proved racketeering acts of possession (Acts 4, 9, and 16) and attempted possession (Act 14) of narcotics with intent to distribute, in violation of 21 U.S.C. §§ 841(a)–(b), 846, also do not qualify as crimes of violence. *See United States v. Diaz*, 778 F.2d 86, 88 (2d Cir. 1985) ("[N]arcotics offenses do not constitute crimes of violence within the meaning of § 924(c)."). Yet they do undoubtedly qualify as drug trafficking crimes, since they are "felon[ies] punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2); *see* Indictment 5–6, 9–11; Verdict Sheet 2–4. As I have already concluded, however, that petitioner's substantive RICO conviction serves as a valid predicate for his § 924(c) conviction because the three charged and proved racketeering acts of murder qualify as crimes of violence under § 924(c)(3)(A), I need not decide whether, in the alternative, the RICO conviction serves as a valid predicate because the four charged and proved racketeering acts of possession and attempted possession of narcotics qualify as drug trafficking crimes under § 924(c)(2). *See, e.g.*, *Heyward*, 2021 WL 2638609, at *4 ("Alternatively, a § 924(c) conviction may be premised on a drug-trafficking crime, including conspiracies.").

It was therefore error for the court to instruct the jury that all three predicates, including the conspiracy, were crimes of violence for the purposes of § 924(c).").

Nevertheless, any instructional error in this case was, at most, harmless. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."); *Eldridge*, 2021 WL 2546175, at *8 n.16 (explaining that "whether a defendant's substantial rights have been affected by an erroneous jury instruction" typically turns on "whether a defendant has been 'prejudic[ed]' by the error—*i.e.*, whether there is 'a reasonable probability that the error affected the outcome of the trial'" (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010))). First, and most obviously, petitioner's substantive RICO conviction on Count One still does satisfy the definition of a crime of violence under the prevailing precedent in this circuit. *See Ivezaj*, 568 F.3d at 96; *Speed*, 2020 WL 7028814, at *9 ("The jury explicitly found the substantive robbery acts, which are crimes of violence, proved. The jury found more than two acts proven that qualify as crime[s] of violence under § 924(c), and therefore, [the petitioner]'s [substantive RICO] conviction remains a valid predicate for his [§ 924] conviction." (citation and quotation marks omitted)); *see also Heyward*, 2021 WL 2638609, at *5 (finding reversible error where the jury was asked to determine, for the purpose of convicting the defendant of a § 924(c) offense, only whether the defendant used a firearm in furtherance of "*[e]ither*" an invalid conspiracy predicate "*or*" a valid drug trafficking predicate). Thus, because the sole predicate offense underlying petitioner's § 924(c) conviction on Count Two remains valid, his § 924(c) conviction stands, and petitioner was not "prejudic[ed] by the error." *Eldridge*, 2021 WL 2546175, at *8 n.16 (citation and quotation marks omitted).

Second, in related contexts, "[c]ourts in the Second Circuit have consistently held that a § 924(c) conviction may survive even when one of multiple predicates has been invalidated."

*Dhinsa*, 2020 WL 7024377, at *2–3 (quoting *United States v. Medunjanin*, No. 10-CR-19 (BMC), 2020 WL 5912323, at *6 (E.D.N.Y. Oct. 6, 2020)) (rejecting petitioner's attempt "to vacate his conviction under 18 U.S.C. § 924(c) on the ground that one of the predicates underlying the conviction . . . no longer counts as a crime of violence following [*Davis*]"); *see also, e.g.*, *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020) (explaining that, where the petitioner's § 924(c) conviction was predicated on two separate offenses, the court may "focus on whether [one of the offenses] is a crime of violence" and, if so, the court "need not examine whether [the other offense] is [also] a categorical crime of violence"); *United States v. Walker*, 789 F. App'x 241, 244–45 (2d Cir. 2019) (summary order) (upholding § 924(c) conviction because it "rested on convictions for both conspiracy and substantive Hobbs Act robbery as the predicate crimes of violence"); *United States v. Riley*, No. 20-CV-2201 (RJD), 2021 WL 2186229, at *4 (E.D.N.Y. May 28, 2021) ("[T]he Circuit has, in several summary orders, plainly rejected the theory that . . . the presence of one invalid predicate automatically invalidates the § 924(c) conviction."); *Speed*, 2020 WL 7028814, at *7–9 (rejecting the petitioner's "argu[ment] that because the jury did not specify which of the . . . racketeering acts underlying [its substantive RICO verdict on] Count One . . . formed the predicate for its [§ 924(c)] verdict, the Court must assume that it was the [invalid] conspiracy acts"); *United States v. Erbo*, No. 08-CV-2881 (LAP), 2020 WL 6802946, at *2 (S.D.N.Y. Nov. 19, 2020) ("[T]he bulk of authority counsels that, where a Section 924(c) conviction rests on both valid and invalid predicate crimes of violence, the valid predicate may sustain the conviction."). "The correct rule is that if a jury is instructed on both valid and invalid predicate offenses, the conviction stands if the verdict 'undoubtedly rests on a valid . . . predicate.'" *Sessa*, 2020 WL 3451657, at *5 (quoting *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order)); *see also, e.g.*, *Dhinsa*, 2020 WL 7024377, at *3; *Erbo*, 2020 WL 6802946, at *2.

Although the verdict sheet in this case did not require the jury to specify which racketeering acts charged in Count One formed the basis of its verdict on Count Two, there is no doubt that the jury predicated its verdict on Count Two "at least in some part" on the racketeering acts of murder. *Erbo*, 2020 WL 6802946, at *3. Overwhelming evidence was adduced at trial that firearms were used and possessed in furtherance of the murders, *see, e.g.*, Trial Tr. 1911:17–1917:4 (May 6, 2014), ECF No. 281 (Act 1); Trial Tr. 827:7–828:20, Gov't's App. vol. I, GA046–47, *United States v. Mayes*, No. 13-2331 (2d Cir. Feb. 5, 2016), ECF No. 156 (Act 2B); Trial Tr. 848:25–851:24, *id.* at GA050–53 (Act 3B), and the jury separately found petitioner guilty beyond a reasonable doubt on Count Three—a related, substantive charge of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(b), Indictment 14–15; Verdict Sheet 7.

Given these circumstances, "[t]he notion that [petitioner]'s conviction under § 924(c) was predicated *only* on" the now-invalid racketeering acts, and not on the murders for which firearms were used, "is absurd." *Dhinsa*, 2020 WL 7024377, at *3; *see also, e.g.*, *Riley*, 2021 WL 2186229, at *5 ("There is simply no reasonable interpretation of the facts under which the jury, having found beyond a reasonable doubt that the defendants committed the specific killings charged in the substantive predicates and corresponding racketeering acts, would have found that a firearm was used only in connection with the conspiracies to murder but not the actual murders."); *Sessa*, 2020 WL 3451657, at *5 ("No rational jury would return a verdict of guilty on a § 924(c) charge predicated on two conspiracies to commit murder with a firearm and the substantive offense of murder committed with a firearm, and not return the same verdict if predicated only on the murder committed with a firearm.").

Indeed, there is no "reasonable probability" that the jury would have failed to return a verdict of guilty on Count Two "even if it had been instructed that only [the murder racketeering

acts] [were] valid predicate[s] under § 924(c)." *Eldridge*, 2021 WL 2546175, at *8 & n.16; *see also, e.g.*, *United States v. Minaya*, 841 F. App'x 301, 305 (2d Cir. 2021) (summary order) ("[W]e have no doubt that a rational juror would have convicted [the petitioner] on the § 924(c) charge even had Hobbs Act robbery been the sole predicate charged."); *Dhinsa*, 2020 WL 7024377, at *3 ("It is clear beyond any reasonable doubt that the jury would have convicted [the petitioner] of violating § 924(c) had it been instructed that only [the charged crimes of violence] were valid predicates."). Accordingly, the fact that certain charged and proved racketeering acts are retroactively neither crimes of violence nor drug trafficking crimes, as defined in § 924(c), Successive Mot. Vacate 13–14, did not affect the jury's verdict on Count Two, *see Eldridge*, 2021 WL 2546175, at *6, *10.

Because petitioner's substantive RICO conviction on Count One continues to serve as a valid predicate for his § 924(c) conviction on Count Two, and because the jury undoubtedly rested its Count Two verdict on its Count One verdict (as well as Count One's underlying racketeering acts that qualify as valid crimes of violence), petitioner's first ground for relief is unavailing, and vacatur of petitioner's § 924(c) conviction on Count Two is not warranted.

### ii.        Count Three

Petitioner's conviction for murder in aid of racketeering on Count Three is a separate, substantive offense under 18 U.S.C. § 1959, the federal statute that imposes enhanced penalties for violent crimes in aid of racketeering activity ("VICAR"). *See* Indictment 14–15; Verdict Sheet 7; Crim. J. 2. VICAR makes it unlawful for a person to commit such a crime—here, murder, in violation of N.Y. Penal Law § 125.25(1)—"for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). To reach a verdict of guilty on Count Three, the jury was properly instructed that it needed to find—

18

independently of the jury's findings on any other count charged in the fourth superseding indictment—five elements proved beyond a reasonable doubt:

> First, that an enterprise [a]ffecting interstate commerce existed; Second, that the enterprise was engaged in racketeering activity; Third, that the defendant had or was seeking a position in the enterprise; Fourth, that the defendant committed a crime of violence; Fifth, that the defendant committed that crime of violence for the purpose of gaining entrance to, or maintaining or increasing his position in the enterprise.

Jury Charge 74:10–78:14; *see, e.g.*, *United States v. Stanley*, 808 F. App'x 25, 27–28 (2d Cir. 2020) (summary order).[12]

Petitioner appears to argue that his VICAR conviction is unconstitutional because it is "tied to" his substantive RICO conviction on Count One, and that if I were to vacate his § 924(c) conviction on Count Two, the "burden of proof changes dramatically" on Count Three. Successive Mot. Vacate 13–14. But these arguments have no merit. Petitioner has not challenged his conviction on Count One, and both of petitioner's convictions on Counts One and Two remain valid. More to the point, petitioner's VICAR conviction on Count Three—which merely "realleged and incorporated" certain paragraphs from Count One of the fourth superseding indictment regarding the charged enterprise and its purposes, means, and methods—does not raise the constitutional concerns presented by his § 924(c) conviction on Count Two—which is legally predicated on the specific racketeering acts underlying his conviction on Count One. *See Ivezaj*, 568 F.3d at 96; Indictment 1–15. Even if petitioner's § 924(c) conviction on Count Two were vacated, his separate, substantive VICAR conviction and resulting mandatory life sentence on Count Three would nonetheless stand. Thus, petitioner's second ground for relief is unavailing, and vacatur of petitioner's murder conviction on Count Three is not warranted.

---

[12] As explained above, murder as proscribed under New York law is a crime of violence. *See supra* Discussion I.B.i.

19

## II.        Petitioner's Challenge Under the First Step Act

Petitioner's remaining challenge—which I interpret as a motion under the First Step Act for a reduction of the two concurrent, 40-year sentences that petitioner received for his drug trafficking convictions on Counts Eleven and Thirteen—is also meritless. Petitioner incorrectly asserts that both of these drug trafficking convictions "carr[y] a now-maximum sentence of 20 years after the enactment of the First Step Act." Successive Mot. Vacate 14. In fact, the First Step Act has not altered the statutory maximum sentence applicable to either conviction, which continues to be 40 years' imprisonment.

Petitioner was charged and convicted of attempted possession of 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(II), 846 (Count Eleven), and possession of 28 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count Thirteen). Indictment 21–22; Verdict Sheet 11–13; *see also* Jury Charge 86:4–88:23 (instructing the jury that it must find, for each drug trafficking offense, "the drug type and quantity" charged by the government proved beyond a reasonable doubt). At petitioner's sentencing, I imposed the then-statutory maximum sentence for both of his drug trafficking convictions—40 years' imprisonment. Crim. J. 4; *see, e.g.*, *United States v. Lighten*, 525 F. App'x 44, 48 (2d Cir. 2013) (summary order). Today, following the enactment of the First Step Act, the statutory maximum is still 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B) ("[A]ny person who [possesses with intent to distribute] . . . 500 grams or more of . . . cocaine . . . [or] 28 grams or more of . . . cocaine base . . . shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . ."); *id.* § 846 ("Any person who attempts . . . to commit any offense defined in [§ 841] shall be subject to the same penalties as those prescribed for the offense . . . ."). Thus, petitioner's third ground for relief

is unavailing, and resentencing on his drug trafficking convictions on Counts Eleven and Thirteen is not warranted.

## CONCLUSION

For the reasons set forth above, petitioner's motion is denied. Because he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. However, petitioner may make such an application to the Second Circuit Court of Appeals. The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

Dated:   July 22, 2021
       Brooklyn, NY

                                     /s/

                                  Allyne R. Ross
                                  United States District Judge